4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry KENDALL, a/k/a Jerome Knoedler, Defendant-Appellant.
 No. 92-5889.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the District of Maryland, at Baltimore, No. CR-92-82-HAR; John R. Hargrove, District Judge.
 Benjamin Lipsitz, Baltimore, MD, for defendant-appellant.
 Richard D. Bennett, U.S. Atty., W. Warren Hamel, Asst. U.S. Atty., Baltimore, MD, for plaintiff-appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Kendall appeals the sentence he received on his guilty plea to one count of bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1993), 18 U.S.C. Sec. 2 (1988). He contends that the district court erroneously added six offense levels for the amount of loss when in fact there was no actual loss or intended loss, and clearly erred by finding that the offense involved more than minimal planning. We affirm.
 
 
 2
 Seeking a $112,500 construction loan, Kendall submitted a loan application form which contained false statements; he also submitted false supporting documents. The bank took a security interest in the lot on which the building was to be built as part of the arrangement. In determining Kendall's offense level under guideline section 2F1.1,* the district court decided that the amount of loss was the full amount of the loan which Kendall fraudulently obtained, and increased his base offense level by six levels, as provided in the guideline for a loss between $70,000 and $120,000. U.S.S.G. Sec. 2F1.1(b)(1)(G).
 
 
 3
 In an offense involving a fraudulent loan application, the loss is the actual loss suffered, or the intended loss if it is greater. In determining loss, the assets pledged to secure the loan are deducted from the amount of the loan not repaid at the time the fraud is discovered. U.S.S.G. Sec. 2F1.1, comment. (n. 7(b)). We have previously held that when a defendant obtains through fraud a loan which he intends to repay, the measure of loss is the potential consequence of default. United States v. Baum, 974 F.2d 496, 499 (4th Cir.1992). Here, the district court correctly began its calculation with the full amount of the loan, but did not deduct the value of the security interest from the amount of the loan. However, even if the value of the land, $20,000, were deducted from the full amount of the loan, $112,500, the potential risk in the event of default would still be over $70,000. Therefore, the error did not prevent the district court from arriving at the correct offense level.
 
 
 4
 More than minimal planning is defined in section 1B1.1, comment. (n. 1(f)), as "more planning than is typical for commission of the offense in a simple form." Examples listed in the commentary make clear that the degree of advance planning or post-offense efforts at concealment are the focus of the inquiry. Kendall maintains that the enhancement he was given for more than minimal planning was clearly erroneous because he committed the offense in a simple form by merely submitting the application and supporting documents.
 
 
 5
 In preparation for submitting the application, however, Kendall created the false supporting documents: a false pay stub and false tax returns for the preceding two years. He also filled out and dated the loan application a few days before getting a second mortgage on his home, and did not revise the application to include the second mortgage. In its simplest form, his offense might have consisted of misrepresenting one element of his financial status on the application form. Instead, Kendall created a wholly false financial picture to mislead the bank. The district court's determination that more than minimal planning was involved in this case was thus not clearly erroneous. See United States v. Moored, --- F.2d ----, No. 92-1823, 1993 WL 197559 (6th Cir. June 14, 1993) (falsified offer to purchase stock pledged as security for loan and falsified letter of credit constituted more than minimal planning).
 
 
 6
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)